**SWIM v. FIRST STATE BANK OF MARAMEC.**

No. 14742—Opinion Filed April 21, 1925.

1. **Banks and Banking—Action by Bank Against Cashier for Violations of Banking Laws—Defensive Evidence as to Intent.**

Where a state bank, as plaintiff, brings an action against its former cashier for a money judgment, under section 4119, Comp. St. 1921 alleging a violation of the laws of the state relative to banks and banking, which is denied by the defendant in his answer, and introduces in evidence certain instruments in writing as exhibits to sustain its allegations of such violation of the banking laws, and the court, in its instruction, charges the jury enumerating the acts of the cashier which would constitute a violation of said laws, and further instructs the jury that if such officer makes use of the bank, in any manner, with intent in either case to injure or defraud the bank or any individual, person, company, or corporation, or to deceive any officer of the bank or bank commission or any agent appointed to examine the affairs of such bank, all evidence offered by the cashier to show that the acts charged against him were done openly and with full knowledge and approval of the officers of the bank and with full knowledge and approval of the bank examiner, is competent and material in his defense against said allegations.

2. **Same—Erroneous Exclusion of Evidence.**

Where, under such circumstances, the defendant cashier offered to prove that the exhibits, offered by the plaintiff bank in support of its petition, were presented to the bank examiner and passed upon and approved by him after a full discussion and he was advised by said bank examiner that he had handled the items, shown by the said exhibits, properly for the bank, which the court excluded upon the objection of the attorneys for the bank, such evidence so offered was competent in the defendant cashier's defense, and the exclusion of said testimony was a deprivation of a substantial right, that the defendant had, to show justification and lack of intent on his part to deceive the officers of the bank or the state bank examiner, and constituted reversible error.

(Syllabus by Thompson, C.)

Commissioners' Opinion. Division No. 5.

Error from District Court, Pawnee County; Redmond S. Cole, Judge.

Action by the First State Bank of Maramec against C. L. Swim. Judgment for plaintiff. Defendant appeals. Reversed, with instructions.

C. C. Suman, for plaintiff in error.

McCollum & McCollum, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Pawnee, Okla., by the First State Bank of Maramec, a corporation, defendant in error, plaintiff below, against C. L. Swim, plaintiff in error, defendant below, to recover the sum of $2,660 and interest on various items at six per cent. per annum until paid.

The parties will be referred to in this opinion as plaintiff and defendant as they appeared in the lower court.

The petition, among other things, alleged that it was a state bank, doing business at Maramec; that the defendant was cashier of said bank and while so employed as said cashier he violated the banking laws of the state of Oklahoma by placing deposits to the credit of his brother, G. E. Swim. and allowing him to draw from said bank large sums of money with intent to defraud said bank; that, under arrangements with his brother, G. E. Swim, he allowed deposits to be placed to his brother's credit and the amounts checked out by him on pretended

statements of time from various oil companies: for work and labor in setting casings for said oil companies; that, under the plan adopted by the bank for handling said statements, it was required that some officer of each oil company, having authority to bind the company, should issue a statement of time and sign the same as a binding and subsisting obligation against the company; that such statement should then be indorsed by the person to whom it was issued over to the bank before he could obtain the cash or credit thereon at a reasonable discount, which said indorsement was binding upon the oil company as well as the party receiving the money; that said defendant pretended to purchase such statements of time for labor from his brother but did not have the same made out by and indorsed by the officer of the oil company or the party from whom the statements were purchased; that he allowed the credits and paid out the money to his brother upon a mere written request made in letters written by his brother, thus leaving the plaintiff entirely unprotected and with no means of collecting on the pretended statements of time, which statements, complained of, are set out in the petition, and that the total sum wrongfully paid out and advanced by the defendant to his brother and lost by the bank, amounted to $2,660; that all of said transactions were made in violation of the banking laws of the state of Oklahoma, and against the instructions of his superior officers in said bank and without their knowledge and consent, and with the intent of aiding and assisting his said brother to obtain, acquire, and receive money from the plaintiff bank with the intent and purpose of defrauding said bank, and prayed that plaintiff have judgment against the defendant for the sum of $2,660, with interest on the various items from date until paid.

The plaintiff, for its second cause of action, among other things, says that said cashier, while occupying a position of trust toward the bank, its officers, directors, stockholders, and depositors, owed to the plaintiff the duty to exercise reasonable skill, care, and diligence in the discharge of his duties as such cashier, and, while occupying said relation encouraged, promoted, sanctioned, permitted, and allowed his brother to receive and be paid money belonging to the bank, as stated in the first cause of action, and that he failed to use skill, care, and diligence in the discharge of his duties as such cashier to the damages of plaintiff in the sum of $2,660, principal, with interest thereon; that he was guilty of wanton,

gross neglect of duty and failed to use ordinary skill, care, and diligence in the handling of the money of said bank and in protecting the bank, its officers, stockholders, and depositors, and was answerable to said bank in damages resulting by reason of such neglect of duty for the sum of $2,660 and interest, as asked for in said petition.

To the petition of plaintiff the defendant filed a motion to make more definite and certain, which motion was overruled by the court and exception saved by the defendant. Defendant then filed a general demurrer to each of the separate causes of action and included a special demurrer that the actions were improperly joined, which demurrer was overruled by the court and exception reserved by the defendant.

The defendant answered by way of general denial, and for further answer alleged that his brother was the manager of a casing-head crew, engaged in the business of running and pulling casing for oil companies; that they were paid their wages every 30 days, and that the bank was engaged in buying the time of such laborers at a discount of three per cent. and would pay for the same on presentation of their claims, and that the transaction, complained of in the action, was with the full knowledge and consent of the directors of said bank and the stockholders thereof, and that each transaction was immediately entered upon the books of the plaintiff bank and the statement of wages filed in the note case of said bank and openly carried, as all other credits of said bank were carried, and the profits accruing from said transaction were used by the bank with full knowledge of the directors and stockholders of the credit being extended to his brother as the manager of the casing crew; that said transaction was discussed with the directors and stockholders of the bank and was approved and accepted by them; that said bank was examined by the bank examiner of the state of Oklahoma, who passed upon said transactions and approved the same without criticism; that he sold out his interest in the bank on the 20th day of September, 1921, at which time all these transactions were gone over by the directors and stockholders of said bank and were accepted and approved by them, and that he was allowed to retire from said bank without being asked to guarantee said credit or to answer for the debt of said casing crew in writing or otherwise, and that said transactions were approved, accepted, and ratified by them; that said bank, its officers and stock-

holders having ratified and approved said transactions, was estopped from making any further claims against the defendant or maintaining this action, and asked to be discharged with his costs.

The plaintiff replied to the answer of defendant by way of general denial.

The cause was tried to the court and jury and resulted in a verdict in favor of the plaintiff for the sum of $2,660, with interest at six per cent. from the 9th day of May, 1921.

A motion for new trial was filed. heard, and overruled, and the court pronounced judgment upon the verdict of the jury for sum of $279.30, and that defendant pay the 9th day of May, 1921, amounting to the sum of $279.30, and that defendant pay the costs of the action, from which judgment of the court the defendant appeals.

The attorney for defendant in his brief sets up 21 assignments of error, only one of which, after a careful examination of the pleadings, evidence, the able briefs of counsel on both sides, the statute law of this state and the authorities cited and relied upon by counsel in their briefs, we think, presents grounds for reversal of the judgment of the trial court.

On a careful examination of the petition, we are of the opinion that it alleged sufficient facts to justify recovery by the plaintiff in this case, and was good against a motion to make more definite and certain and against the demurrer interposed by the defendant in this case. The evidence was sufficient to show that the defendant paid out the money of the bank to his brother upon improper showing of claims against the oil company upon what is known and called "casing time." He did not require that such "casing time" should be issued and approved by an officer, or officers, of the oil company, issuing such certificates of time, nor require any indorsements thereon, but put in the note case in some instances memorandum made by himself upon the stationery of the bank based upon personal letters written to him by his brother, which were not placed on file in the bank, but kept in his own private files. He kept a note and discount ledger upon which he entered these transactions, which note and discount ledger had the entry that the "casing time" was indorsed by the several oil companies when, in truth and in fact, they were not so indorsed. Upon examination of the whole record, we are of the opinion that it was sufficient to submit the case to the jury to decide upon the facts whether the

defendant's acts were in violation of the banking laws of the state of Oklahoma.

Section 4119, Comp. St. 1921, among other things, says:

"Any director, officer or other person who shall participate in any violation of the laws of this state, relative to banks and banking, shall be liable for all damages which the said bank, its stockholders, depositors or creditors shall sustain in consequence of such violation."

The court instructed the jury upon this section of law, and also instructed the jury, quoting section 4142. Comp. St. 1921, relative to the crime of embezzlement by a bank officer, and also charged the jury as follows:

"You are instructed that every officer, director, employe or agent of any bank who issues or puts forth any certificate of deposit, draws any draft or bill of exchange, makes any acceptance, assigns any note, bond, draft, bill of exchange, mortgage, judgment, or decree, or who makes use of the bank in any manner with intent in either case to injure or defraud the bank or any individual, person, company or corporation, or to deceive any officer of the bank or bank commissioner or any agent appointed to examine the affairs of such bank; or any person who with like intent aids or abets any officer, director, employe or agent of said bank to violate the foregoing provisions of the law, shall be guilty of a felony and upon conviction shall be punished by a fine of not less than $500 nor more than $10,000 and by imprisonment in the penitentiary for not less than one nor more than 50 years."

In the trial of the cause, the defendant offered evidence that all of his acts, in regard to these transactions complained of, were done with the full knowledge and consent of the officers of the bank, and were done openly and approved by the officers, as was alleged in his answer; that the affairs of the bank were examined by the state bank examiner and his acts in connection with these matters were approved by the officers of said bank; and he offered to prove that the state bank examiner, one Mr. Martin, examined the bank in May, 1921. and that the evidences of "casing time," purchased by the bank from his brother, were in the note case of the bank and each was examined by the bank examiner and approved by him, which evidence, upon the objection of counsel for plaintiff, was excluded by the trial court, and the following offer was made by attorney for defendant:

"Comes now the defendant and offers to prove that the bank was examined by Mr.

Martin of the state examiner's office of the state of Oklahoma, and that said bank examiner passed upon the exhibits showing statements of time in the note case, without any criticism whatever, and that the exhibits were discussed and that the defendant was advised by the bank examiner that he had handled said items properly for the bank. and that at that time he could have changed the way of transacting said business if he had not been so advised by the state examiner."

It will be observed in the instruction, heretofore set out in this opinion, after enumerating what acts of the officer of the bank are in violation of the laws of the state, these words occur:

"Or who makes use of the bank in any manner with intent. in either case to injure or defraud the bank or any individual, person, company or corporation, or to deceive any officer of the bank or bank commission or any agent appointed to examine the affairs of such bank."

Then, in our opinion, under this part of the instruction, the evidence offered by the defendant was admissible to show his intent, or lack of intent. and to show whether he was attempting to deceive the state bank examiner, and in all fairness to the defendant this evidence should have been admitted or instruction number five not given, and the refusal by the court to admit such evidence was prejudicial to the rights of the defendant in this case and, in our opinion, constitutes reversible error. We have examined the instructions of the court and find that they are not altogether free from criticism, but, in the main, fairly state the law applicable to the facts in this case. It no doubt would have been better not to have quoted that part of the statute relative to the punishment, in the event the defendant in the criminal case was found guilty of violating the criminal statute relative to the banking laws of this state, and instead charged what circumstances and what facts would constitute a violation of the banking laws of the state, which would subject the offender to respond in damages for any loss sustained by the bank for violation of said laws. But, be that as it may, we would not have reversed this case upon the instructions given, had this material and important evidence been allowed to have been introduced by the defendant and upon the refusal of the trial court to admit this material and important evidence on behalf of the defendant, we are of the opinion that it deprived him of a material right, which he had, to show justification for the acts charged against him in this case.

We are, therefore. of the opinion that the cause should be and is hereby reversed, with instructions to grant a new trial.

By the Court: It is ordered.

Note.—See under (1) 7 C. J. p. 573, § 187; (3) 7 C. J. p. 573. § 187; 4 C. J. p. 972, § 2953.